**Gene Anthony BERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–85–221 CR.**

Court of Appeals of Texas,
Beaumont.

June 18, 1986.

Douglas Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

John B. RANDALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 09-85-240 CR.

Court of Appeals of Texas,
Beaumont.

June 18, 1986.

OPINION

BURGESS, Justice.

Appellant was indicted for attempted murder and aggravated assault arising out of the same occurrence. A jury found appellant guilty of aggravated assault by intentionally or knowingly causing bodily injury by the use of a deadly weapon, namely a knife, that in the manner of its use or intended use was capable of causing seriously bodily injury or death, by stabbing and cutting the victim with the knife. The jury then found a previous conviction and assessed punishment at ten years confinement in the Texas Department of Corrections.

Appellant raises two grounds of error. Both grounds relate to the court allowing a police officer to give opinion testimony regarding the propensity of a knife to cause serious bodily injury or death.

In *Hawkins v. State*, 605 S.W.2d 586 (Tex.Crim.App.1980), the court found that the "expert testimony" of a police officer was competent evidence in determining whether or not a particular knife was capable of causing serious bodily injury or death. However, earlier, in *Denham v. State*, 574 S.W.2d 129 (Tex.Crim.App.1978), the court held that expert testimony was not required and overruled cases which required such expert testimony. Other courts of appeals have upheld convictions on this type of testimony from police officers. *E.g.*, *Garcia v. State*, 625 S.W.2d 831 (Tex.App.—Houston [14th Dist.] 1981, pet. ref'd); *Sweeten v. State*, 686 S.W.2d 680 (Tex.App.—Corpus Christi 1985, no pet.). The trial court did not err. The judgment is affirmed.

AFFIRMED.