NUMBER 13-99-348-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


JOSE JULIAN OLIVAREZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 332nd District Court of Hidalgo County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 A jury found appellant, Jose Julian Olivarez, guilty of the offense
of intoxication manslaughter(1) and assessed his punishment at seven
years imprisonment. By two issues, appellant contends: (1) he received
ineffective assistance of counsel, and (2) the trial court abused its
discretion by not granting him a new trial on newly discovered
evidence. We affirm.

1. Background and Procedural History


 On the evening of April 2, 1997, Tony Torres, his sister, Mary
Tijerina, and her daughter traveled from Edinburg to a friend's house
near Mission in Torres's 1988 Plymouth Horizon. Torres was the driver
of the vehicle, Tijerina was in the front passenger seat, and Tijerina's
daughter was in the seat behind Tijerina. After discovering that their
friend was not home, they traveled to a Dairy Queen for an ice cream for
Tijerina's daughter, and then proceeded to return to Edinburg. At
approximately 10:00 p.m. they were traveling east toward Edinburg on
U.S. Expressway 83, about seven miles west of Mission, in the City of
Penitas, when they were involved in a traffic accident. They were hit
from behind by a Mazda pickup truck, and consequently, their car was
thrown into a ditch. Appellant was the driver of the Mazda pickup that
hit Torres's car. Appellant was later determined to have a blood alcohol
level of .11. Torres had to be removed from his vehicle with the "jaws
of life," and subsequently died at the hospital as a result of the accident. 
 

 Appellant was tried before a jury on February 2-3, 1999. The jury
found appellant guilty of intoxication manslaughter and assessed his
punishment at seven years imprisonment. Appellant filed a motion for
new trial on February 12, 1999. After a hearing, the trial court denied
the motion on February 26, 1999.


2. Ineffective Assistance of Counsel


 In his first issue, appellant complains he received ineffective
assistance of counsel at trial. Specifically, appellant contends his
counsel was not reasonably effective because he "did not investigate
the case, hire [a] reconstructionist expert as paid for, interview
witnesses, visit the scene of the accident, and failed to call any
witnesses other than the Defendant."

 The standard for ineffective assistance of counsel is set out in
Strickland v. Washington, 466 U.S. 668 (1984). This standard was
adopted by Texas in Hernandez v. State, 726 S.W.2d 53 (Tex. Crim.
App. 1986). The Strickland standard applies to ineffective assistance
of counsel at both the guilt-innocence and punishment phases of the
proceedings. Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App.
1999). A defendant seeking relief must demonstrate: (1) that counsel's
performance failed to constitute reasonably effective assistance by
falling below an objective standard of reasonableness under prevailing
professional norms; and (2) that there is a reasonable probability that,
but for counsel's deficient performance, the result of the proceeding
would have been different. Strickland, 466 U.S. at 694; Hernandez, 726
S.W.2d at 55. A "reasonable probability" is defined as "a probability
sufficient to undermine confidence in the outcome." Strickland, 466
U.S. at 694; Ex parte Walker, 777 S.W.2d 427, 430 (Tex. Crim. App.
1989). Whether this standard has been met is to be judged by "the
totality of the representation." Ex parte Welborn, 785 S.W.2d 391, 393
(Tex. Crim. App. 1990). 

 Our review of counsel's performance must be highly deferential. 
Strickland, 466 U.S. at 689; Garcia v. State, 887 S.W.2d 862, 880 (Tex.
Crim. App. 1994). The burden of proving ineffective assistance of
counsel is on the appellant and is one which requires proof by a
preponderance of the evidence. Stafford v. State, 813 S.W.2d 503, 506
n.1 (Tex. Crim. App. 1991); Moore v. State, 694 S.W.2d 528, 531 (Tex.
Crim. App. 1985); Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim.
App. 1984). An allegation of ineffective assistance of counsel will be
sustained only if it is firmly founded and if the record affirmatively
demonstrates counsel's alleged ineffectiveness. Ex Parte Williams, 634
S.W.2d 815, 819 (Tex. Crim. App. 1980). In determining whether trial
counsel rendered deficient performance, we employ a strong
presumption that counsel's conduct constitutes sound trial strategy. 
Strickland, 466 U.S. at 689; Miniel v. State, 831 S.W.2d 310, 323 (Tex.
Crim. App. 1992).

 Consistent with Strickland, we must presume that counsel is
better positioned than the appellate court to judge the pragmatism of
the particular case, and that he made all significant decisions in the
exercise of reasonable professional judgment. Delrio v. State, 840
S.W.2d 443, 447 (Tex. Crim. App. 1992); Moffatt v. State, 930 S.W.2d
823, 826-27 (Tex. App.--Corpus Christi 1996, no pet.). The record
must contain evidence of counsel's reasoning, or lack thereof, to rebut
that presumption. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994). The constitutional right to counsel does not mean errorless
counsel or counsel judged ineffective by hindsight. Ex parte Carillo, 687
S.W.2d 320, 324 (Tex. Crim. App. 1985).

 Performance of counsel cannot generally be adequately examined
based on a trial court record. Kemp v. State, 892 S.W.2d 112, 115 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd). A proper review should
focus on a record specifically targeting the conduct of trial counsel. Id. 
Such a record is best developed during a hearing on application for writ
of habeas corpus or motion for new trial. Id.; see Jackson, 877 S.W.2d
at 772 (Baird, J., concurring).

 Appellant very broadly complains his trial counsel failed to: (1)
investigate his case; (2) interview witnesses; and (3) visit the scene of
the accident. He further contends the outcome of the case would have
been different if his counsel had not made these errors. At the hearing
on his motion for new trial, appellant did not bring forth his trial counsel
to testify as to his reasoning during the trial, thus, he has not rebutted
the presumption that his counsel made the decisions in the exercise of
reasonable professional judgment. 

 When asked at the hearing on the motion for new trial whether he
knew if his counsel "investigated or took pictures of the accident
scene," appellant responded, "I don't know. I don't think so." While
appellant might not think his counsel went to the scene, he has failed
to establish whether he did or not. Furthermore, defense counsel
presented into evidence, when cross-examining Department of Public
Safety (DPS) Trooper Wayne Curry, various photographs of the accident
scene. Appellant does not attempt to establish the origin of these
photographs, other than appellant's father's passing comment that
counsel had photographs from the insurance company. While these
photographs might have been the result of the insurance company's
investigation, it does not prove that counsel did not investigate the
scene or obtain the photographs himself.

 Appellant further alleges his counsel did not interview witnesses
and failed to call any witnesses other than appellant. Appellant
presents no argument as to counsel's alleged inadequacy, and he has
failed to even establish which witnesses his counsel should have
interviewed and called. Because the record in this case is silent as to
whether counsel did or did not interview witnesses and the reasons
why he did not call other witnesses, appellant has failed to rebut the
strong presumption that counsel acted reasonably. See Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). To find that trial
counsel was ineffective based on the asserted ground would call for
speculation, which we will not do. See Jackson, 877 S.W.2d at 771.

 Appellant contends his counsel failed to investigate the case. 
Counsel's cross-examination of DPS Trooper George Elizondo, the
accident reconstructionist, and DPS Trooper Wayne Curry, the officer
who responded to the scene of the accident, exemplifies his knowledge
of the accident and his thorough investigation of the scene of the
accident. The record shows counsel referenced the implications of skid
marks on the road, inquired into the possibility of Torres's vehicle
entering the roadway from the crossover, questioned the position of the
vehicles on the roadway, highlighted the possibility of a person's blood
alcohol level rising or falling over time, discussed the impact of the two
vehicles and the resulting damage, and questioned the specifics of the
extraction of appellant's blood for testing. The record establishes that
appellant's trial counsel investigated the case and was quite
knowledgeable on the facts and circumstances of the accident. Thus,
appellant has not shown that his counsel's performance failed to
constitute reasonably effective assistance by falling below an objective
standard of reasonableness under the prevailing professional norms.

 Appellant also contends his trial counsel was ineffective for failing
to hire an accident reconstructionist. At the hearing on the motion for
new trial, appellant brought forth Jerry Gonzales, an accident
investigator, who disputed DPS Trooper Elizondo's conclusions that
Torres's vehicle could not have been turning into the oncoming traffic
when appellant's vehicle hit it. Gonzales further opined that the
accident occurred because Torres's vehicle did not yield the right of way
to appellant. Appellant testified he paid his trial counsel "$2,500 down"
to hire an investigator, and he did not do so. Appellant admitted he
could not affirmatively state that his trial counsel did not call and talk to
accident investigators about his case. Because the record in this case
is silent as to whether counsel did or did not attempt to retain an
investigator and the reasons why he did not call an investigator as a
witness, appellant has failed to rebut the strong presumption that
counsel acted reasonably. See Thompson, 9 S.W.3d at 814. To find
that trial counsel was ineffective based on the asserted ground would
call for speculation, which we will not do. See Jackson, 877 S.W.2d at
771.

 The record shows that appellant's trial counsel actively
participated in voir dire, made objections during the trial, vigorously
cross-examined State's witnesses, and set forth a plausible defense. 
After reviewing the entire record, we hold appellant has not overcome
the presumption of reasonableness. We overrule appellant's first issue.

3. Motion For New Trial


 In his second issue, appellant contends the trial court abused its
discretion by not granting a new trial based on newly discovered
evidence. Specifically, appellant contends the testimony of Jerry
Gonzales, an accident investigator, was newly discovered evidence that
was unknown to him at the time of the trial.

 The trial court may, in its discretion, grant a new trial based on
newly discovered evidence. Freeman v. State, 838 S.W.2d 772, 778
(Tex. App.--Corpus Christi 1992, pet. ref'd). New trials based on newly
discovered evidence are not favored and denial of the request will not
be overturned on appeal absent a showing that the trial court abused
its discretion. Drew v. State, 743 S.W.2d 207, 225 (Tex. Crim. App.
1987), To establish an abuse of discretion, the defendant must show: 
(1) that the evidence was unknown to him before trial; (2) that his
failure to discover it was not due to his want of diligence; (3) that it is
probably true and its materiality is such as will probably bring about a
different result upon a new trial; and (4) that it is competent, not merely
cumulative, corroborative, collateral, or impeaching. Id. at 226; Sawyer
v. State, 778 S.W.2d 541, 545 (Tex. App.--Corpus Christi 1989, pet.
ref'd); Sweeten v. State, 686 S.W.2d 680, 683 (Tex. App.--Corpus
Christi 1985, no pet.). When addressing the third requirement, the new
evidence must be shown to probably be true in order to possess
sufficient materiality. Oestrick v. State, 939 S.W.2d 232, 236 (Tex.
App.--Austin 1997, pet. ref'd) (citations omitted). "The 'probably true'
requirement simply means the trial court must determine that 'the
whole record presents no good cause to doubt the credibility of the
witness whose testimony constitutes new evidence, either by reason
of the facts proven at the trial or by the controverting affidavits on the
motion, or otherwise.'" Id. (citing Jones v. State, 711 S.W.2d 35, 37 n.4
(Tex. Crim. App. 1986) and Ashcraft v. State, 918 S.W.2d 648, 653
(Tex. App.--Waco 1996, pet. ref'd)). In all cases in which a criminal
defendant moves for new trial based upon newly discovered evidence,
credibility of the witness and probable truth of new evidence is primarily
a determination for the trial judge, who is well-positioned to see
witnesses, observe their demeanor, and determine their credibility. 
Ashcraft, 918 S.W.2d at 653. 

 In his brief, appellant asserts:

the newly discovered evidence or available new evidence
shows that [the] victim failed to yield [the] right of way to
Defendant's car thus causing the accident. This evidence if
allowed at the trial court and if a reconstructionist witnesses
[sic] like Jerry Gonzales would of [sic] testified the results of
outcome [sic] of the case would of [sic] been different either
as to conviction or probation instead of a sentence of seven
years penitentiary time.


 Assuming, arguendo, that appellant is able to show that: (1) Jerry
Gonzales, an accident reconstruction witness who will testify that
Torres's vehicle failed to yield the right of way, was unknown to him
before trial and (2) that his failure to find Gonzalez was not due to his
want of diligence. Appellant has failed to establish that Gonzalez's
testimony is probably true and its materiality is such as will probably
bring about a different result at a new trial.

 At the hearing on the motion for new trial, Gonzales testified that
he reviewed the police report, the accident scene, and the damages to
the vehicles. Gonzales stated:

 My opinion is that the way the accident has shown [sic]
there is -- there is a possibility that the vehicle, the victim's
vehicle was turning into the oncoming traffic. At the impact,
the amount of damage caused by the accident, the vehicle
that was driving, I believe it was eastbound on 83 would
have been traveling at a normal speed 55 plus, 55 or less. 
The vehicle that was the vehicle that was struck was
traveling at a low speed which indicates it was turned into
the intersection, plus the impact of the vehicle itself shows
that it was struck at a high speed compared to the other
vehicle which would have been a 55 or about 56 somewhere
around there. 


It was Gonzales's opinion that appellant's vehicle had the right of way,
and that Torres's vehicle did not yield the right of way and was at fault. 
Gonzales also opined that the "accident was unavoidable even if the
person had been highly intoxicated or not intoxicated at all."

 The State pointed out that Gonzales had only reviewed the
evidence for two days, he did not know the gross weights of the
vehicles, even though it would make a difference in the amount of
damage sustained by the vehicles and accident calculations based on
this information. Gonzalez admitted that there was no new evidence,
rather his opinion of the evidence was new. 

 Gonzales's testimony at the motion for new trial hearing conflicted
with the testimony at trial of DPS Trooper Elizondo. Elizondo testified
at trial that: (1) the accident occurred in the far right-hand lane; (2) the
heavier weight of appellant's vehicle was consistent with the damage
sustained by the two vehicles; (3) the weight of the vehicle is a factor
in computing an estimated speed for the vehicle; (4) appellant was
speeding at the time of the accident; (5) the accident occurred when
appellant's vehicle came up and struck Torres's vehicle from behind;
and (6) if Torres's vehicle had been traveling considerably slower than
appellant's, as in a situation in which Torres was just entering the
roadway from a crossover, the damage sustained would have been a
lot greater. 


 In a new evidence case, the credibility of the witnesses and the
probable truth of their testimony is primarily a determination for the trial
court. Etter v. State, 679 S.W.2d 511, 515 (Tex. Crim. App. 1984);
Driggers v. State, 940 S.W.2d 699, 709 (Tex. App.--Texarkana 1996,
pet. ref'd). Because the testimony of Jerry Gonzales and the testimony
of DPS Trooper Elizondo conflict, the trial court was better able to
resolve the conflicts by observing the witnesses than we can from a
cold record. Etter, 679 S.W.2d at 515; Driggers, 940 S.W.2d at 709. 
Because Gonzales's testimony was of questionable weight and
credibility, and would probably not bring about a different result upon
a new trial, we conclude the trial court did not abuse its discretion in
denying appellant's motion for new trial. Appellant's second issue is
overruled.

 We affirm the trial court's judgment and affirm the trial court's
order denying appellant's motion for new trial.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.

1. Tex. Pen. Code Ann. § 49.08 (Vernon Supp. 2000).