# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00485-CR

**Raul Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 1010920, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

Appellant Raul Martinez appeals his conviction for aggravated assault. *See* Tex. Pen. Code Ann. ' 22.02(a) (West, 1994). The jury acquitted appellant of the offense of aggravated sexual assault and retaliation charged in counts I and III of the indictment, but convicted appellant of aggravated assault as charged in count II. The trial court assessed punishment at fifteen years= imprisonment, after rejecting as insufficient the evidence offered to support the two prior California felony convictions alleged for enhancement of punishment.

### Points of Error

Appellant advances four points of error. In the first two points of error, appellant claims that the trial court erred in overruling his pretrial motion to suppress the knife seized in a warrantless search of appellant=s bag in a motel room in violation of (1) the Fourth Amendment to the United States Constitution and (2) article I, section nine of the Texas Constitution. In the third and fourth points of error,

appellant challenges the legal and factual sufficiency of the evidence to sustain his conviction for aggravated assault. We will affirm the conviction.

**Background and Facts**

On December 17, 1999, in the early morning hours, Austin Police Officers Robert Hightower and Noel Guerin responded to a disturbance call at the St. Elmo Motel on South Congress Avenue. The motel night manager directed them to room number nine from which yelling or screaming was still emanating. The manager informed the officers that a man and a woman had checked into that room earlier.

Officer Hightower knocked on the door and appellant answered. Appellant was asked to step outside and was placed in the custody of Officer Guerin who at some point handcuffed him. Hightower entered the motel room and encountered R.O., the complainant, who was upset and crying. She had a bruised face and blackened eye. The complainant reported that appellant had assaulted her the night before in another motel in Austin while threatening her with a knife, that she was forced at knife point to stay in a van all day while appellant sold pottery, and that they had then checked into the St. Elmo Motel. The complainant revealed to Officer Hightower that appellant again hit her while threatening her with a knife. According to Hightower, she directed him to a duffel bag in the room from which he removed a knife. Hightower then talked with appellant outside the motel room. Appellant admitted that he had hit the complainant but denied that he ever used a knife. Appellant was arrested.

The complainant, a forty-two-year-old woman, testified that she was divorced at the time of the trial. She stated that while separated from her husband, she met appellant on a Greyhound bus travelling

2

from Killeen to San Antonio, possibly in January 1999. Several months later, she telephoned appellant and they began to communicate with each other. They lived together for two months at his mother=s house in San Antonio. Later, they began to have difficulties. Appellant accused her of looking at other men and he would pull her hair. They separated. In mid-December 1999, appellant came to Killeen where the complainant was staying. They drove in a van to Nuevo Laredo, Mexico, so appellant could pick up some pottery that he was going to sell along the roadway. They came to Austin and checked into Motel 71. About 3:00 a.m. on August 16, 1999, the complainant stated that appellant became angry because he did not like the coffee she fixed. When she told him to fix it himself, appellant, while displaying a knife, hit her about the head and face. He threatened to kill the complainant. Sometime the next day, the complainant attempted to show her bruises to the manager of the motel but appellant pulled her away. He forced her at knife point into the van and made her stay there all day while he sold pottery. Later in the day, they checked into the St. Elmo Motel. The complainant could not remember what they argued about, but appellant again beat her and hit her while displaying the knife and threatening to kill her. She related that appellant forced her face down on the bed and he raped her anally. In the process, she claimed that she was cut on her back several times with the knife which left scars. When the motel manager telephoned the room about the noise, the complainant stated she yelled, Acall the police@ so the manager could hear her while he was talking to appellant.

When the police arrived and Officer Hightower entered the room, the complainant stated that she went to appellant=s duffel bag and gave the knife to the officer.[1] The complainant acknowledged

---

[1] The knife was introduced into evidence during the complainant=s testimony.

**3**

that at the time she did not tell the officers about the sexual assault or the cuts on her back because she was too embarrassed. She had cleaned herself and the cuts on her back before the officers arrived. Further, the complainant did not reveal the sexual assault to Denise Bunton, a victim-witness counselor for the police department or to Officer Keith Walker who took her statement at the police department. Later, she did reveal the sexual assault to Connie Geerhart, a police Victim Services Counselor. Bunton, Walker, and Geerhart all testified as State=s witnesses as to their contact with the complainant. Geerhart stated that when she learned from the complainant of the sexual assault, she took a brief statement from the complainant at the direction of the sex crimes unit. She described the complainant as being tearful, upset and embarrassed. There was no physical or medical examination of the complainant. At the time of the trial, photographs were taken of the scars on the complainant=s back, which she claimed were from cuts suffered during the sexual assault.

Appellant called two witnesses to discredit the complainant. Chetan Pattel, an employee at Motel 71, testified that no woman showed her a bruised face on December 16, 1999. Donnie Charles Jennings, an employee of South Point Auto Sales, testified that on December 16, 1999, appellant came to his place of employment to sell pottery. Jennings saw the complainant in the front passenger seat of the van and later outside the van. Appellant offered no other evidence. During jury argument, appellant=s counsel acknowledged that the evidence showed appellant had committed simple assault by hitting the complainant with his hand.

**4**

## The Motion to Suppress

The trial court overruled appellant=s pretrial motion to suppress the knife taken from appellant=s duffel bag in a motel room. As noted, appellant claims that the search and seizure were in violation of both the federal and state constitutions and the trial court erred in its pretrial ruling. However, when the knife was offered into evidence at trial as State=s exhibit number two, appellant=s counsel expressly stated, ANo objection, Your Honor.@ When a pretrial motion to suppress evidence is overruled, an accused need not subsequently object to the admission of the same evidence at trial in order to present error. *Gearing v. State*, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985). However, when an accused affirmatively asserts or expressly states during the trial that he has Ano objection@ to the admission of the complained-of evidence, he waives any error in the admission of the evidence despite the ruling on the motion to suppress evidence. *Id.*; *see also Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); *Harris v. State*, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983); *Hardin v. State*, 951 S.W.2d 208, 210 (Tex. App.CHouston [14th Dist.] 1997, no pet.); *Tuffiash v. State*, 948 S.W.2d 873, 876 (Tex. App.CSan Antonio 1997, pet. ref=d). Thus, in the instant case, appellant waived any error in the trial court=s ruling on the motion to suppress evidence. The first and second points of error are overruled. Next, we turn to the third contention that the evidence is not legally sufficient to support the jury=s verdict.

## Legal SufficiencyCStandard of Review

The standard for reviewing the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the jury=s verdict, any rational trier of fact could have found beyond a reasonable doubt all the essential elements of the offense charged. *Jackson v. Virginia*, 443 U.S. 307,

319 (1979); *Lane v. State*, 933 S.W.2d 504, 407 (Tex. Crim. App. 1996); *Skillern v. State*, 890 S.W.2d 849, 879 (Tex. App.CAustin 1994, pet. ref=d). The standard of review is the same in both direct and circumstantial evidence cases. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); *Green v. State*, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992). The evidence, viewed in this light and all reasonable inferences drawn therefrom, are evaluated in this review. *See Alvarado v. State*, 912 S.W.2d 199, 207 (Tex. Crim. App. 1995). It is important to remember that all the evidence the jury was permitted to consider, properly or improperly, must be taken into account in determining the legal sufficiency of the evidence. *See Garcia v. State*, 919 S.W.2d 370, 378 (Tex. Crim. App. 1994); *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993); *Rodriguez v. State*, 939 S.W.2d 211, 218 (Tex. App.CAustin 1997, no pet.). In analyzing a challenge to the legal sufficiency of the evidence, the reviewing court does not realign, disregard, or weigh the evidence. *Rodriguez v. State*, 939 S.W.2d 211, 218 (Tex. App.CAustin 1997, no pet.).

The jury is the exclusive judge of the facts proved, the credibility of the witnesses, and of the weight to be given their testimony. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The jury is free to accept or reject any or all of any witness=s testimony and reconcile any conflicts in the evidence. *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). In reviewing the evidence for legal sufficiency, the appellate court must presume that the trier of fact resolved any conflicting inferences in favor of the prosecution and must defer to that resolution. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). The evidence is not insufficient merely because the defendant presented a different version of the events. *Id.* at 47-48.

**Count II of the Indictment**

Appellant was charged with aggravated assault. *See* Tex. Pen. Code Ann. ' 22.02(a)(2) (West 1994).[2] Count II of the indictment alleged:

> And the Grand Jury further presents that on or about the 16th day of December A.D. 1999, and before the presentment of this indictment in the County of Travis and State of Texas, RAUL MARTINEZ did then and there intentionally, knowingly, and recklessly cause bodily injury to [R.O.] by striking her with his hand, and RAUL MARTINEZ did then and there use and exhibit a deadly weapon, to-wit: a knife, that in the manner of its use or intended use was capable of causing death or serious bodily injury, during the commission of this offense,

Paragraph II

---

[2] Section 22.02(a)(2) provides: A(a) a person commits an offense if the person commits an assault as defined in section 22.01 and the person: (2) uses or exhibits a deadly weapon during the commission of the assault.@ Tex. Pen. Code Ann. ' 22.02(a)(2) (West 1994). In pertinent part, section 22.01 provides: A(a) a person commits an offense if the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another including the person=s spouse; (2) intentionally or knowingly threatens another with imminent bodily injury, including the person=s spouse; . . . .@ *See* Tex. Pen. Code Ann. ' 22.02(a)(1), (2) (West Supp. 2001). Section 1.07(a)(17) of the Penal Code provides: A>Deadly weapon=means: (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.@ *See* Tex. Pen. Code Ann. ' 1.07(a)(17) (West 1994).

7

And the Grand Jury further presents that on or about the 16th day of December A.D. 1999, and before the presentment of this indictment in the County of Travis and State of Texas, RAUL MARTINEZ did then and there intentionally and knowingly threaten [R.O.] with imminent bodily injury and did then and there use and exhibit a deadly weapon, to-wit: a knife, that in the manner of its use or intended use was capable of causing death or serious bodily injury, during the commission of this offense,

Count II of the indictment charged conjunctively two theories of assault, both of which were alleged to be aggravated assault by use or exhibition of a deadly weapon, to wit: a knife. In submitting count II to the jury, the two theories were submitted disjunctively, which is legally permissible. *See Kitchens v. State*, 823 S.W.2d 256, 257-58 (Tex. Crim. App. 1991). The jury instructions included definitions of a deadly weapon, bodily injury, and serious bodily injury. The court also submitted the lesser included offense of assault by causing bodily injury to the complainant (by striking her with his hand).

The jury returned a general verdict: AWe, the Jury, find the Defendant, Raul Martinez, guilty of the offense of aggravated assault as alleged in count II of the indictment.@ When different theories of the offense are submitted to the jury in the disjunctive, a general verdict is sufficient if the evidence supports one of the theories. *See McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997); *Fuller v. State*, 827 S.W.2d 919, 931 (Tex. Crim. App. 1992); *Kitchens*, 823 S.W.2d at 257-58; *Robertson v. State*, 16 S.W.3d 156, 159 n.3 (Tex. App.CAustin 2000, pet. ref=d).

**Appellant=s Argument**

Recognizing *Jackson v. Virginia* as setting the standard of review for legal sufficiency challenges, appellant concedes that he committed the simple assault charged in count II, paragraph one, but urges that there is Aabsolutely no evidence@ to show that a knife was used or exhibited to constitute an

**8**

aggravated assault. Appellant misreads the record or believes that all testimony concerning the knife is to be excluded because the knife itself was improperly admitted into evidence. As noted, in determining a sufficiency of evidence challenge, all the evidence the jury was permitted to consider, properly or improperly, must be taken into account. *See Garcia*, 919 S.W.2d at 378. As to the offense charged in paragraph two of count II of the indictment, appellant urges that there was no credible evidence of any threats. Testimony as to threats came from the complainant who was alone with appellant at the time. The issue of credibility is one for the jury, and we are required to view the evidence in the light most favorable to the jury=s verdict. *Jackson*, 443 U.S. at 319. Next, appellant claims the evidence fails to show that a deadly weapon was used or exhibited. Appellant does not brief this assertion. He cites no authorities except *Jackson* and does not call our attention to any part of the court reporter=s record to support his contention. There has been no compliance with the briefing rules. *See* Tex. R. App. P. 38.1.

## Discussion

Nevertheless, we observe that a knife is not a deadly weapon per se. *Moreno v. State*, 755 S.W.2d 866, 868-69 (Tex. Crim. App. 1988); *Limuel v. State*, 568 S.W.2d 309, 311 (Tex. Crim. App. 1978); *Hatchett v. State*, 930 S.W.2d 844, 848 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d). For the purposes of the aggravated assault statute, a knife can be shown to be a deadly weapon by the manner of its use or intended use and its capacity to produce death or serious bodily injury. *Garcia v. State*, 17 S.W.3d 1, 4 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d); *Sweeten v. State*, 686 S.W.2d 680, 683 (Tex. App.CCorpus Christi 1985, no pet.). Some of the factors that may be considered to establish the necessary proof are the size, shape, and sharpness of the knife, the manner of its use or

**9**

intended use, the capability of the knife to cause death or serious bodily injury, the close proximity of the complainant to the knife, words of the accused, and the complainant=s fear of her life. *See Davis v. State*, 22 S.W.3d 638, 641 (Tex. App.CFort Worth 2000, pet. ref=d); *Hatchett*, 930 S.W.2d at 848. Threats by the accused may be conveyed by action, conduct, and words. *See McCowan v. State*, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984). The infliction of knife wounds and the testimony of expert witnesses as to the capacity of the knife to cause death or serious bodily injury may be factors to consider, but they are not required. *See DeLeon v. Sate*, 865 S.W.2d 139, 141 (Tex. App.CCorpus Christi 1993, no pet.); *see also Hester v. State* 909 S.W.2d 174, 179 (Tex. App.CDallas 1998, no pet.). The factors are non-exclusive. Each case must be examined on its own facts. *Garcia*, 17 S.W.3d at 4. The jury makes the determination from all the facts. *Hatchett*, 930 S.W.2d at 848. And it must be remembered that the plain language of section 1.07(a)(17)(B) of the Penal CodeAdoes not require that the actor actually intend death or serious bodily injury; an object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury.@ *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000).

In the instant case, some pertinent questions went unasked. The complainant did, however, testify that the knife was Along@when opened. Officer Hightower testified it was a locked blade knife and that he took the knife into custody for safety reasons. The complainant testified that during the assault appellant held the knife to her throat, neck, and later her stomach, while threatening to kill her; that she feared for her life and prayed that God would forgive her sins. She testified that during the sexual assault appellant used the knife to cut her back from which she suffered scars. The knife was introduced into

evidence and the jury had an opportunity to see and examine the knife, and to listen to the description of the manner of its use or intended use. *See Sweeten*, 686 S.W.2d at 685. The jury also had the opportunity to determine the capability of the knife to cause death or serious bodily injury. Moreover, the knife was exhibited during the commission of the offense and facilitated the offense.

Viewing the evidence in the light most favorable to the jury=s verdict, we conclude that any rational trier of fact could have found beyond a reasonable doubt all the essential elements of each theory of the offense charged. The third point of error is overruled.

**Factual SufficiencyC Standard of Review**

In his last point of error, appellant challenges the factual sufficiency of the evidence to sustain the conviction. His chief argument appears to be that the complainant was not a credible witness.

A review of the factual sufficiency of the evidence begins with the presumption that the evidence supporting the judgment was legally sufficient. *See Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In such a review, we consider the evidence without employing the prism of Ain the light most favorable to the verdict.@ *Id*. at 129. A reviewing court must consider *all* the evidence impartially, comparing evidence that tends to prove the existence of a disputed fact or facts with evidence that tends to disprove that fact or those facts. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). All the evidence is viewed in a neutral light favoring neither side. *Westbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). In the factual sufficiency analysis, it must be remembered that the trier of the fact is the sole judge of the weight and credibility of the testimony. *Santellan*, 939 S.W.2d at 164. Appellate

courts should be on guard not to substitute their own judgment in these matters for that of the trier of fact. *Id.*; *see also Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

Recently, the Court of Criminal Appeals modified the standard of review in factual sufficiency cases to encompass both formulations utilized in civil jurisprudence. *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000). A[E]vidence can be factually insufficient if (1) it is so weak as to be clearly wrong and manifestly unjust or (2) the adverse finding is against the great weight and preponderance of the available evidence.@ *Id.* at 11. More recently, in *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002), the court stated:

> In reviewing factual sufficiency, we will look at all the evidence in a neutral light, and will reverse only if the evidence supporting guilt is so obviously weak as to render the conviction clearly wrong and manifestly unjust, or if that evidence, although adequate when taken alone, is so greatly outweighed by the overwhelming weight of contrary evidence as to render the conviction clearly wrong or manifestly unjust.

*Id.* (citing *Johnson*, 23 S.W.3d at 11).

**Appellant=s Argument**

In an attempt to show that the complainant was not a credible witness, appellant points out that, at trial, the complainant testified the allegations she made to the officers at the scene were that appellant was drunk, on drugs, and had stolen the pottery he was selling; that her testimony about the assaults was inconsistent; that she was impeached by other witnesses regarding her claims that she displayed her bruises to the management at Motel 71, and was kept a prisoner in the back of the van on December 16, 1999;

and furthermore the complainant had a history of criminal, medical, and psychiatric problems, and had suffered from self-inflicted wounds.

The complainant was not an ideal witness for the prosecution. Her testimony, however, about the assaults with the use or exhibition of a knife was largely uncontradicted. Officer Hightower found a battered and bruised woman with a black eye. A knife was found among appellant=s possessions in the motel room. Appellant denied the use of a knife, but admitted the assault with his hands. The credibility of the witnesses was an issue for the jury. The jury may accept some of a witness=s testimony and reject the balance. *Fuentes*, 991 S.W.2d at 271. We must be appropriately deferential to avoid substituting our own judgment for that of the fact finder. *Vasquez*, 67 S.W.3d at 236. After examining all the evidence in a neutral light, we find the evidence supporting guilt is not so weakCnor is the contrary evidence so overwhelmingly strongCas to render the jury=s verdict clearly wrong and manifestly unjust. Accordingly, we overrule the fourth point of error.

The judgment is affirmed.


John F. Onion, Jr., Justice

Before Justices Kidd, Patterson and Onion[*]

Affirmed

Filed:   September 26, 2002

Do Not Publish


_____

[*]   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. **'** 74.003(b) (West 1998).